IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Frederick L. Flowers, | ) | C/A No. 8:19-cv-00125-SAL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Kenneth Nelson, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the January 29, 2020 Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). In the Report, the Magistrate Judge recommends granting the Respondent's motion for summary judgment, ECF No. 25, dismissing the Petition with prejudice, and declining to issue a certificate of appealability. Attached to the Report was the Notice of Right to File Objections. [ECF No. 45.]

On February 10, 2020, counsel for Petitioner[1] requested an extension of time to file objections. [ECF No. 46.] The court granted the motion, extending the objection deadline to March 31, 2020. [ECF No. 48.] On March 19, 2020, counsel for Petitioner requested a second extension of time to file objections. [ECF No. 49.] The court granted the motion, in part, extending the deadline to file objections by the 21-day period outlined in Standing Order 3:20-mc-105, *In re Court Operations in Response to COVID-19*. [ECF No. 51.] The second extended deadline was April 21, 2020. *Id.* No party filed objections to the Report, and the extended time for response has lapsed.

---

[1] Petitioner filed the petition pro se. Counsel appeared for Petitioner on September 27, 2019. [ECF No. 37.]

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error. Accordingly, the Report [ECF No. 45] is accepted, adopted in its entirety, and is incorporated herein. Therefore, it is the judgment of this court that Respondent's motion for summary judgment [ECF No. 25] is **GRANTED** in its **ENTIRETY**, and the Petition [ECF No. 1] is **DISMISSED** with prejudice and without an evidentiary hearing.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

April 29, 2020
Florence, South Carolina